**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | |
| | : | Criminal Action No. |
| **ROBERT A. KINSEY,** | : | 5:10-cr-13 (HL) |
| | : | Appeal from: 5:09-PO-602 (CWH) |
| **Defendant.** | : | |
| _____ | : | |

## ORDER

Before the Court is the motion to dismiss the Defendant's appeal as moot, vacate the judgment, dismiss the indictment, and mandate the return of the Defendant's property to a representative of his estate (Doc. 31). For the following reasons, the motion is granted in its entirety.

After a bench trial, the Defendant was convicted by Magistrate Judge Hicks of entering upon a military installation for the unlawful purpose of transporting a firearm on to a military installation, in violation of 18 U.S.C. § 1382. See case no. 5:09-po-602. The Defendant was sentenced to serve three consecutive days in jail, a twelve month probation term, and pay a $500 fine and a $10 mandatory assessment fee. The Defendant timely appealed.

While the appeal was pending and before this Court could issue a ruling on the appeal, the Defendant died. Counsel for the Defendant then filed this motion.

The Defendant's counsel invokes the abatement rule, which is "that the death of a defendant during the pendency of his direct appeal renders his conviction and sentence void *ab initio*; i.e. it is as if the defendant had never been indicted and convicted." United States v. Logal, 106 F.3d 1547, 1551-52 (11th Cir. 1997). The Government objects to the dismissal of the indictment arguing that the abatement rule does not apply if the Defendant committed suicide.

The Court has read the death certificate of the Defendant. The certificate states that cause of the Defendant's death was natural. Accordingly, the abatement rule applies and the Court must dismiss his appeal as moot, dismiss his indictment, and vacate his conviction and judgment. Even if the Defendant committed suicide, the Court must rule the same way because the Eleventh Circuit has found that the abatement rule applies where the defendant commits suicide. See id., at 1550, 1552-53 (vacating conviction and sentence and dismissing indictment of defendant who committed suicide pending appeal).

The Defendant's counsel also requests that the weapon seized by the Government from the Defendant be returned to the representative of the Defendant's estate, Mr. Robert Kinsey, Sr. The Government does not object to the return of the weapon.

Accordingly, the weapon seized by the Government in connection with the case is ordered to be returned to Mr. Robert Kinsey, Sr. This appeal is dismissed

as moot. The underlying criminal indictment is dismissed and the conviction and judgment are vacated.

**SO ORDERED**, this the 22nd day of February, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc